Reversed and remanded for a new trial. No costs on this appeal.

PHILIP J. LEVIN AND JANICE H. LEVIN, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. THE TOWNSHIP OF WARREN, IN THE COUNTY OF SOMERSET, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT, AND WARRENBROOK REALTY CO., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 28, 1964—Decided October 16, 1964.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. A. Donald McKenzie* argued the cause for appellant (*Messrs. McKenzie & Hehl,* attorneys).

*Mr. Charles A. Reid, Jr.,* argued the cause for respondents.

The opinion of the court was delivered by

SULLIVAN, J. A. D. Defendant-appellant, Warrenbrook Realty Co., was the successful bidder at a public sale of surplus lands owned by defendant the Township of Warren. Said lands were located in the Township of Green Brook. Plaintiffs-respondents, taxpayers of the Township of Warren, filed an action in lieu of prerogative writs challenging the legality of the aforesaid sale. The trial court held that the sale proceedings were void because public advertisement of said sale had not been made in the *Warren Township Sentinel*, the newspaper designated by the Township of Warren under *R. S.* 40:53–1 as the official newspaper for the publication of all advertisements and notices required by law to be published.

Defendant-appellant argues that the sale proceedings were had under *N. J. S. A.* 40:60–26(a) which requires that notice of sale be published in a newspaper circulating in the municipality in which the lands are situated. It is undisputed that the sale was so advertised (in the *Plainfield Courier News*), and the argument is made that the specific provisions of this statute as to advertising, supersede the general provisions of *R. S.* 40:53–1.

We conclude, as did the trial court, that the advertisement provisions of *N. J. S. A.* 40:60–26(a) did not relieve defendant municipality of the requirement of advertising the sale in its official, designated newspaper. The requirement of public advertising is not only to stimulate bidding for the land but is also intended to inform the local citizenry of the proposed official action.

Judgment herein is affirmed substantially for the reasons given by Judge Gerofsky in his oral opinion.